PER CURIAM.
This disciplinary proceeding by The Florida Bar against Robert M. Segal, a member *215 of The Florida Bar, is presently before us on complaint of The Florida Bar and report of referee. Pursuant to article XI, Rule 11.06(9)(b) of the Integration Rule of The Florida Bar, the referee’s report and record were duly filed with this Court. No petition for review pursuant to Integration Rule of The Florida Bar 11.09(1) has been filed.
Having considered the pleadings and evidence, the referee found as follows:

As to Count I

I find that in June, 1983, respondent was retained by Suzette R. Batts to represent her in a DWI case in Seminole County. She paid the respondent $500.00 as a fee for his services.
Respondent failed to represent Ms. Batts’ interest in any way and it was necessary for her to hire another attorney to handle the matter in her behalf. The respondent has failed to return any portion of the fee which he collected in this matter despite numerous attempts by both Ms. Batts and her new attorney to receive such a refund.
As to Count II
I find that prior to November 22, 1982, the respondent was hired by Ronald C. Mack, Jr. to represent him in a child support case in Brevard County, Florida. Respondent was paid $650.00 as a fee for such representation.
No pleadings were filed, or any other action taken on behalf of Mr. Mack in the child support action. Although Mr. Mack tried to contact the respondent in writing on several occasions, his attempts were not met with success. The respondent has failed to contact Mr. Mack and no action on Mr. Mack’s behalf has taken place. Further, Mr. Mack has not received any portion of his fee back.

As to Count III

Iva Jean C. O’Malley retained the respondent in April 1982, to represent her in the settlement of her son’s estate and to represent her in a possible wrongful death action. The respondent referred the wrongful death action to another law firm where settlement was eventually made.'
A probate case was opened by the respondent but no further action taken in behalf of his client or the estate. Mrs. O’Malley has tried unsuccessfully to contact the respondent in this matter.
The referee recommends that respondent be found guilty of violating Disciplinary Rules 7-101(A)(l), 7-101(A)(2) and 7-101(A)(3) of the Code of Professional Responsibility and that respondent be disbarred from the practice of law in Florida. The referee further recommends that respondent reimburse Ms. Batts the sum of $500.00 and Mr. Mack the sum of $650.00.
Having carefully reviewed the record, we approve the findings and recommendations of the referee.
Respondent having been disbarred by order of this Court dated January 24, 1985, 462 So.2d 1091, he may not seek reinstatement, pursuant to article XI, Rule 11.10(5) of the Integration Rule of The Florida Bar, for three years from January 24, 1985.
Respondent is further ordered to reimburse Ms. Batts the sum of $500.00 and Mr. Mack the sum of $650.00.
Judgment for costs in the amount of $681.56 is hereby entered against respondent, for which let execution issue.
It is so ordered.
ADKINS, Acting C.J. and OVERTON, ALDERMAN, McDONALD and EHRLICH, JJ., concur.